J-S92027-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GREG DEWAYNE HERRING | |
| Appellant | No. 766 WDA 2016 |

Appeal from the PCRA Order May 6, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0010184-2005

BEFORE:  SHOGAN, J., MOULTON, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MOULTON, J.:                    **FILED APRIL 11, 2017**

Greg Dewayne Herring appeals, *pro se*, from the May 6, 2016 order dismissing as untimely his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546.  We affirm.

On April 26, 2006, a jury convicted Herring of second-degree murder, robbery (serious bodily injury), and criminal conspiracy.[1]  On July 14, 2006, the trial court sentenced Herring to life imprisonment without the possibility of parole.  Herring filed a notice of appeal, and on October 1, 2007, this Court affirmed.  Herring did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2501(a), 3701(a)(1) and 903(a)(1), respectively.

On September 3, 2008, Herring filed a timely PCRA petition. On January 5, 2011, the PCRA court dismissed the petition. This Court affirmed the dismissal on April 16, 2012. Herring filed a petition for allowance of appeal, which the Supreme Court denied on August 28, 2012.

In March 2016,[2] Herring filed a second PCRA petition. On April 7, 2016, the PCRA court issued notice of its intent to dismiss the petition pursuant to Pennsylvania Rule of Criminal Procedure 907, and, on May 6, 2016, the PCRA court dismissed the petition. On May 18, 2016, Herring filed a timely notice of appeal.

Herring raises the following issues on appeal:

> I. DID TRIAL COURT ERR WHEN IT DISMISSED [HERRING'S] PETITION WITHOUT A HEARING ON [HERRING'S] CLAIMS OF CRUEL AND UNUSUAL PUNISHMENT, NAMELY THAT THE EIGHTH AMENDMENT FORBIDS A SENTENCING SCHEME THAT MANDATES LIFE WITHOUT POSSIBILITY OF PAROLE FOR JUVENILE OFFENDERS, WHERE PENNSYLVANIA'S MANDATORY SENTENCING SCHEME VIOLATES THE PROPORTIONALITY PRINCIPLE, IMPOSING LIFE SENTENCES ON JUVENILES WITHOUT ANY INDIVIDUALIZED CONSIDERATIONS.

> II. DID TRIAL COURT ERR WHEN IT DISMISSED [HERRING'S] PETITION WITHOUT A HEARING ON [HERRING'S] CLAIMS OF EQUAL PROTECTION VIOLATIONS, NAMELY THAT THE EQUAL PROTECTION

---

[2] The 2016 PCRA petition contained in the original record does not have a stamp indicating the date it was received. Herring dated the PCRA petition March 19, 2016, but it was entered on the docket on March 29, 2016. The record does not indicate when Herring delivered the PCRA petition to prison authorities for mailing or when the trial court received the petition.

CLAUSE OF THE FOURTEENTH AMENDMENT REQUIRES THAT THE DISTINCTION MADE HAVE SOME RELEVANCE TO THE PURPOSE FOR WHICH THE CLASSIFICATION IS MADE, WHERE ARTICLE V § 16(q)(ii) OF THE PENNSYLVANIA CONSTITUTION DEFINES [HERRING] AS A JUVENILE.

III. DID THE TRIAL COURT ERR WHEN IT DISMISSED [HERRING'S] PETITION WITHOUT A HEARING [ON HERRING'S] CLAIMS OF DUE PROCESS VIOLATIONS, NAMELY THAT THE DUE PROCESS CLAUSE GIVES [HERRING] THE EIGHTH AMENDMENT PROTECTIONS GUARANTEED UNDER THE UNITED STATES CONSTITUTION, WHERE NO INDIVIDUALIZED CONSIDERATIONS WERE MADE AND [HERRING] A JUVENILE WAS SENTENCED TO LIFE WITHOUT PAROLE.

Herring's Br. at 4.

Our standard of review from the denial of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." **Commonwealth v. Ousley**, 21 A.3d 1238, 1242 (Pa.Super. 2011).

It is well settled that "the timeliness of a PCRA petition is a jurisdictional requisite." **Commonwealth v. Brown**, 111 A.3d 171, 175 (Pa.Super. 2015), *app. denied*, 125 A.3d 1197 (Pa. 2015). A PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

- 3 -

Herring's judgment of sentence became final on October 31, 2007, when his time to petition the Pennsylvania Supreme Court for allowance of appeal expired. *See* 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 1113(a) ("Except as otherwise prescribed by this rule, a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days after the entry of the order of the Superior Court or the Commonwealth Court sought to be reviewed."). He had one year from that date, or until October 31, 2008, to file a timely PCRA petition. Therefore, his current petition filed in March 2016 is facially untimely.

Herring's petition remains untimely unless it alleges and proves a PCRA time-bar exception. Courts may consider a PCRA petition filed more than one year after a judgment of sentence became final only if the petitioner alleges and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii); *see Brown*, 111 A.3d at 175. In addition, when invoking an exception to the PCRA time bar, the petition must "be filed

within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

In his PCRA petition, Herring argued his petition was timely because he asserted a constitutional right that was held to apply retroactively. Herring relied on the United States Supreme Court's decisions in *Miller v. Alabama*, 132 S.Ct. 2455 (2012), and *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016). In *Miller*, the Supreme Court held that a sentence of life imprisonment without the possibility of parole was unconstitutional when imposed upon defendants who were "under the age of 18 at the time of their crimes." 132 S.Ct. at 2460. In *Montgomery*, the Supreme Court held that its *Miller* decision applied retroactively to cases on state collateral review. *Montgomery*, 136 S.Ct. at 732.

Herring was 19 at the time he committed the murder for which he was convicted.[3] We have held that *Miller*'s prohibition of life without parole sentences does not apply to those who were not juveniles at the time of the offense. *See Commonwealth v. Cintora*, 69 A.3d 759, 764 (Pa.Super. 2013) (concluding that, for appellants, who were 19 and 21 at time of offense, "the holding in *Miller* does not create a newly-recognized

_____

[3] Herring was born on October 4, 1984 and committed the offenses at issue on October 9, 2003.

- 5 -

constitutional right that can serve as the basis for relief");[4] *see also Commonwealth v. Furgess*, 149 A.3d 90, 94 (Pa.Super. 2016) (reaffirming holding of *Cintora* that petitioners who were 18 or older "at the time they committed murder are not within the ambit of the *Miller* decision and therefore may not rely on that decision to bring themselves within the time-bar exception").

In sum, because Herring was 19 at the time of the offenses, *Miller* does not apply, and Herring has failed to satisfy the new constitutional right exception to the PCRA time-bar. Therefore, we conclude the PCRA court did not err in dismissing the petition.

Order affirmed.

---

[4] In *Cintora*, this Court rejected the appellants' argument that it would violate the equal protection clause to not grant relief pursuant to *Miller*. The appellants argued that *Miller* should apply to those under the age of 25 "because *Miller* created a new Eighth Amendment right, that those whose brains were not fully developed at the time of their crimes are free from mandatory life without parole sentences, and because research indicates that the human mind does not fully develop or mature until the age of 25." 69 A.3d at 764. The Court noted that the appellants' "contention that a newly-recognized constitutional right **should** be extended to others does not render their petition timely pursuant to section 9545(b)(1)(iii)." *Id.* (emphasis in original).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/11/2017